## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GILBERT FANTONI**, | : | **CIVIL ACTION NO. 1:08-CV-0810** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN B.A. BLEDSOE, et al.,** | : | |
| | : | |
| **Respondents** | : | |

## ORDER

AND NOW, this 8th day of December, 2008, upon consideration of the

petition for writ of habeas corpus (Doc. 1), in which petitioner, a federal inmate

formerly confined to the Satellite Prison Camp at the United States Penitentiary at

Lewisburg, challenges the Federal Bureau of Prisons' ("BOP") decision to remove

him from a Residential Drug Abuse Program ("RDAP"), and it appearing from the

"Notice of Mootness" (Doc. 21) recently filed by respondents that petitioner

successfully completed the residential component of the RDAP (Doc. 21-2 at 4) and

has been granted an unescorted furlough transfer to a Residential Reentry Center

in Brooklyn, New York (Doc. 21-2, at 1, ¶ 5), thereby rendering the petition moot,

see Khodara Envtl., Inc. ex rel. Eagle Envtl., L.P. v. Beckman, 237 F.3d 186, 192-93

(3d Cir. 2001) ("Article III of the Constitution grants the federal courts the power to

adjudicate only actual, ongoing cases or controversies."); Blanciak v. Allegheny

Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the

course of adjudication that eliminate a plaintiff's personal stake in the outcome of a

suit or prevent a court from being able to grant the requested relief, the case must

be dismissed as moot."), it is hereby ORDERED that:

1.    The petition for writ of habeas corpus (Doc. 1) is DISMISSED as moot.

2.    The Clerk of Court is directed to CLOSE this case.


S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge